**Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000637
03-FEB-2017
08:45 AM**

NO. CAAP-15-0000637

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


JPMORGAN CHASE BANK, NATIONAL ASSOCIATION,
Plaintiff-Appellee,
v.
RONALD W. BENNER, Defendant-Appellant,
and
JOHN DOES 1-10; JANE DOES 1-10; DOE
CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10;
DOE ENTITIES 1-10; DOE GOVERNMENTAL
ENTITIES 1-10, Defendants


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 13-1-2761)


MEMORANDUM OPINION
(By: Nakamura, Chief Judge, Reifurth and Ginoza, JJ.)

Defendant-Appellant Ronald W. Benner (**Benner**) appeals
from the Final Judgment, filed on July 28, 2015, in the Circuit
Court of the First Circuit (**circuit court**).[1]  The Final Judgment
was based on an order determining that Benner was liable for
Unjust Enrichment and Conversion because he had improperly
received vacation rental proceeds for a residential property in
Honolulu, Hawai'i (**the Property**) and an order determining
damages.  The Final Judgment was entered in favor of Plaintiff-
Appellee JPMorgan Chase Bank, National Association (**JPMorgan**

---

[1]  The Honorable Virginia L. Crandall presided.

Chase) and against Benner in the amount of $641,597.31, plus post-judgment interest of 10% per annum.

On appeal, Benner contends that the circuit court erred when it denied "Defendant Ronald W. Benner's Motion (1) To Dismiss and/or For Summary Judgment on Plaintiff's Frivolous Complaint, and (2) for Award of Attorneys Fees and Costs" (**Motion to Dismiss**). Benner argues that the claims asserted by JPMorgan Chase in this case arose from the same transaction and occurrence litigated in a prior lawsuit between these same parties and thus the claims here are barred under *res judicata* principles.

For the reasons discussed below, we reject Benner's arguments asserted in this appeal. However, in light of this court's ruling and remand in a related appeal, we remand this case to the circuit court.

## I.  Background

On August 13, 2009, JPMorgan Chase conducted a non-judicial foreclosure sale on the Property and was also the highest bidder at the sale. On February 9, 2010, JPMorgan Chase filed a Quitclaim Deed with the Bureau of Conveyances State of Hawai'i.

### A.    Benner I

On April 13, 2010, in Civil No. 10-1-0799, JPMorgan Chase filed a Complaint for Ejectment against Benner. (**Benner I**) On October 26, 2012, JPMorgan Chase filed a Motion for Summary Judgment on its Complaint for Ejectment.

On March 6, 2013, the circuit court filed on order granting JPMorgan Chase's summary judgment motion and for writ of ejectment.[2]  On March 6, 2013, the circuit court also entered a Judgment in favor of JPMorgan Chase and a Writ of Ejectment for Benner's removal from the Property.

On July 20, 2013, following the circuit court's resolution of a post-judgment motion, Benner filed a Notice of

---

[2]  The Honorable Bert I. Ayabe presided.

Appeal from the circuit court's Judgment, resulting in appellate case No. CAAP-13-0002164 in this court.

On April 6, 2016, based on Kondaur Capital Corp. v. Matsuyoshi, 134 Hawai'i 342, 341 P.3d 548 (2014), this court issued an opinion which vacated the circuit court's Judgment in Benner I and remanded that case back to the circuit court. JPMorgan Chase Bank, Nat'l Ass'n v. Benner, 137 Hawai'i 326, 372 P.3d 358 (App. 2016).

**B.    Benner II (Instant Case)**

JPMorgan Chase filed the Complaint in this case on October 15, 2013, when Benner I was already on appeal.  Here, the Complaint seeks to "obtain (i) a judgment against [Benner] for the fair market value of the Property during the time [Benner] was unlawfully in possession after the Quitclaim Deed; (ii) an accounting of all improper vacation rental proceeds received by [Benner]; and (iii) a judgment against [Benner] for all improper vacation rental proceeds."  JPMorgan Chase asserted three counts against Benner: Count I (Trespass to Land); Count II (Unjust Enrichment); and Count III (Conversion).

On November 8, 2013, Benner filed the Motion to Dismiss asserting that the allegations in the Complaint arose "from the same transaction and occurrence complained of in [Benner I][.]" On December 4, 2013, JPMorgan Chase filed a Memorandum in Opposition to Benner's Motion to Dismiss, asserting that it first discovered that Benner was renting the Property as a vacation rental when taking Benner's deposition almost two years after the Complaint had been filed in Benner I.

At a hearing on January 23, 2014, after several hearings and supplemental briefings, the circuit court orally concluded:

> In reviewing the complaint for ejectment filed in
> [Benner I], the Court does note that in paragraph
> 6 of that complaint plaintiff alleged that the defendant was
> remaining on the property as a trespasser.  Therefore with respect
> to Count 1 of the complaint in Civil Number 13-1-2761 for
> trespass, the Court grants the motion on the grounds of res
> judicata.  The claim for trespass was previously brought or could
> have been brought and so is barred.

> With respect to Count 2, unjust enrichment, and Count 3, conversion, the Court grants the motion to dismiss with respect to the relief requested of the fair market value of the property during the time the defendant was unlawfully in possession of the property as those claims could have been brought at the time of the complaint filed in [Benner I].
>
> With respect to Counts 2 and 3 for the requested relief with respect to the vacation rental proceeds, the Court denies the motion without prejudice. Those claims were discovered after the filing of the complaint in [Benner I] and it's not been established to the Court that the plaintiffs knew or should have known of those -- that claim at the time the complaint was filed as the defendant was in possession of the property at the time.

(Emphasis added.)

On April 2, 2014, the circuit court filed an "Order Granting in Part and Denying Without Prejudice in Part Defendant Ronald W. Benner's [Motion to Dismiss]." The circuit court: (1) granted Benner's Motion to Dismiss with regard to Count I (Trespass to Land); (2) granted the motion with regard to Count II (Unjust Enrichment) and Count III (Conversion) insofar as Counts II and III "request[ed] a monetary judgment in favor of [JPMorgan Chase] and against [Benner] for the fair market value of the Property during the time [Benner] was unlawfully in possession after the Quitclaim Deed"; and (3) denied the motion without prejudice regarding Counts II and III insofar as both counts "request[ed] a monetary judgment in favor of [JPMorgan Chase] and against [Benner] for rental proceeds received by [Benner] after the Quitclaim Deed."

On March 6, 2015, the circuit court filed an order finding Benner "liable for Unjust Enrichment and Conversion because he received vacation rental proceeds which he was not legally entitled to from [the Property]."

On June 29, 2015, the circuit court filed an order granting JPMorgan Chase's Motion for Award of Damages and awarding JPMorgan Chase the amount of $641,597.31. On July 28, 2015, the circuit court filed the Final Judgment.

4

On August 27, 2015, Benner timely filed a Notice of Appeal.

II. **Discussion**

A. **Benner's Contentions In This Appeal**

Benner asserts that all claims in this case are barred and the circuit court erred when it did not grant his Motion to Dismiss in its entirety "[b]ecause the claims asserted by [JPMorgan Chase] below arose from the exact same transaction and occurrence which was the subject of [the] prior lawsuit between the same parties[.]"

*Res judicata*, or claim preclusion, "prohibits a party from relitigating a previously adjudicated cause of action." Bremer v. Weeks, 104 Hawaiʻi 43, 53, 85 P.3d 150, 160 (2004) (citation omitted). As the court in Bremer discussed,

> [t]he judgment of a court of competent jurisdiction is a bar to a new action in any court between the same parties or their privies concerning the same subject matter, and precludes the relitigation, not only of the issues which were actually litigated in the first action, but also of all grounds of claim and defense <u>which might have been properly litigated in the first action but were not litigated or decided</u>.

Id. (citation and some emphasis omitted, block format altered). In general,

> [t]he party asserting claim preclusion has the burden of establishing that (1) there was a final judgment on the merits, (2) both parties are the same or in privity with the parties in the original suit, and (3) the claim decided in the original suit is identical with the one presented in the action in question.

Id. at 54, 85 P.3d at 161.

Here, it is evident that JPMorgan Chase's claims based on Benner's receipt of revenue from renting the Property is not identical to the claims asserted by JPMorgan Chase in Benner I. Rather, for purposes of this appeal, the crucial question is whether JPMorgan Chase might have properly litigated the claims pertaining to the rental revenues in Benner I.

In Bolte v. Aits, Inc., 60 Haw. 58, 587 P.2d 810 (1978), the Hawaiʻi Supreme Court addressed whether a second lawsuit involving the same parties was barred by *res judicata*.

5

In <u>Bolte</u>, both lawsuits involved claims for breach of contract. The supreme court first noted that:

> [t]he rule against splitting a cause of action is an aspect of Res judicata and precludes the splitting of a single cause of action or an entire claim either as to the theory of recovery or the specific relief demanded. The rationale for the rule is to prevent a multiplicity of suits and provide a limit to litigation. It exists to avoid harassment of the defendant, vexatious litigation, and the costs incident to successive suits on the same cause of action.

<u>Id.</u> at 60, 587 P.2d at 812. The supreme court further stated,

> [t]he rule against splitting should not be so rigidly applied, however, to produce an injustice and thwart the policy upon which it was founded. Thus, where the plaintiff is ignorant of a possible cause of action which existed at the time of commencement of a prior, related action, and he is not negligent in his ignorance or his ignorance was caused by the fraud or fault of the defendant, plaintiff's purpose in bringing the subsequent action will not be to consciously and unreasonably vex or harass the defendant. Rather, plaintiff's purpose will merely be to enforce the alleged liability upon the defendant. Consequently, the rationale and rule against splitting a cause of action will be inapplicable.

<u>Id.</u> at 62-63, 587 P.2d at 814.

In <u>Bolte</u>, the Plaintiff sued for a breach of contract and subsequently sued in a second action for a separate breach of the same contract. <u>Id.</u> at 59, 587 P.2d at 812. The supreme court stated that "although there is evidence as to when plaintiff had knowledge of the second breach, the trial court failed to make the factual determination as to exactly when the second breach occurred." <u>Id.</u> at 64, 587 P.2d at 814. The supreme court further noted that the issue of when the second breach occurred was crucial to the *res judicata* inquiry. <u>Id.</u> at 64, 587 P.2d at 815. This is because if the second breach occurred after the filing of the first suit, "[r]es judicata and the rule against splitting a cause of action will not operate to bar the bringing of the second action." <u>Id.</u> However,

> if the second breach occurred prior to the filing of the first suit . . . then, dependent on whether plaintiff had knowledge of the second breach before the first suit was filed and whether his possible lack of knowledge was due to the negligence of plaintiff or the fault or fraud of defendant, the second suit may be barred.

<u>Id.</u> Therefore, the supreme court concluded that

> the trial court erred in granting defendant's motion for summary judgment . . . absent a finding as to the material facts of exactly when the second breach occurred and, if the breach occurred prior to the filing of plaintiff's first action, the reasons for plaintiff's ignorance of the second breach until after the first suit was filed[.]

<u>Id.</u>

In this case, at the January 23, 2014 hearing, the circuit court explained its reasoning for denying the portion of Benner's Motion to Dismiss with regard to the vacation rental proceeds. The circuit court concluded that

> With respect to Counts 2 and 3 for the requested relief with respect to the vacation rental proceeds, the Court denies the motion without prejudice. <u>Those claims were discovered after the filing of the complaint in [Benner I] and it's not been established to the Court that the plaintiffs knew or should have known of those -- that claim at the time the complaint was filed as the defendant was in possession of the property at the time</u>.

(Emphasis added.)

Benner did not meet his burden to establish that *res judicata* applies to the claims related to the rental proceeds. See <u>Bremer</u>, 104 Hawaiʻi at 54, 85 P.3d at 161. The circuit court determined, and Benner does not contest, that JPMorgan Chase discovered that Benner was renting the property *after* JPMorgan Chase filed its Complaint in <u>Benner I</u>.[3] Further, Benner does not

---

[3] At a hearing on December 12, 2013, addressing Benner's Motion to Dismiss, Benner's counsel did not dispute that JPMorgan Chase learned about the rental payments to Benner only after the Complaint was filed in <u>Benner I</u>, stating:

> I think we could probably stipulate that the Plaintiff may not have known about these rental payments until sometime after the judgment or the complaint in the prior action was filed. That's not going to change our position on this issue of res judicata, and the reason is is that the relief in both of the -- both of these cases arises from that set of facts that claim that Mr. Benner was not entitled to remain on the property. . . . It doesn't matter when they learned that he was collecting rent, in fact it's irrelevant. They could have gone for that anyway in the prior case, and we don't need discovery to determine when they learned of that. We admit that perhaps they learned of

(continued...)

assert or point to anything showing that JPMorgan Chase's lack of knowledge about Benner renting the property was due to JPMorgan Chase's negligence.[4] Given the analysis in Bolte and the circumstances in this case, the circuit court properly determined that Benner failed to carry his burden to establish that *res judicata* barred Counts II and III, to the extent those Counts are based on the rental proceeds.[5]

Therefore, the circuit court properly denied Benner's Motion to Dismiss with respect to Counts II and III related to the vacation rental proceeds.

B. **Remand to the Circuit Court**

This case was litigated in the circuit court while Benner I was pending on appeal.[6] Benner's liability here for unjust enrichment and conversion appears to be related to JPMorgan Chase having acquired legal title to the Property through the non-judicial foreclosure which is the subject of Benner I. Given this court's opinion vacating the Judgment in Benner I and remanding that case to the circuit court for further proceedings, it appears that in the interest of avoiding potentially inconsistent judicial rulings and for purposes of judicial economy, this case should also be remanded to the circuit court.

---

[3](...continued)
it after they filed their complaint, but they still should've gone for damages in the prior case.

[4] Benner also does not argue that after JPMorgan Chase learned about Benner renting the Property, it should have amended its pleadings in Benner I or somehow sought a joinder, so that its claims related to the rental proceeds could have been litigated in Benner I. We do not reach this issue.

[5] Given our analysis of the argument Benner raises, we need not address whether this court's opinion vacating the circuit court's Judgment in Benner I would also render the doctrine of *res judicata* or the rule against splitting claims inapplicable.

[6] The Final Judgment in this case was entered by the circuit court on July 28, 2015. This court's opinion in Benner I was issued on April 6, 2016.

We do not vacate the Final Judgment in this case because: we reject Benner's arguments raised in this appeal; we are mindful that extensive proceedings were had in this case; the record before us shows that Benner did not seek to stay enforcement of the Final Judgment;[7] and Benner I is still being litigated on remand. Rather, we believe the best course of action under the circumstances is to remand this case to the circuit court, where further proceedings may be had, including as to the effect of Benner I on this case and to address whether this case should be consolidated with Benner I.

### III. Conclusion

We conclude that Counts II and III based on rental proceeds received by Benner were not barred by res judicata, and we thus reject Benner's arguments in this appeal. However, for the reasons discussed above, we remand this case to the Circuit Court of the First Circuit for further proceedings consistent with this opinion.

DATED: Honolulu, Hawaiʻi, February 3, 2017.

On the briefs:

Gary Victor Dubin,
Frederick J. Arensmeyer,
for Defendant-Appellant.

Jade Lynne Ching,
Kee M. Campbell,
(Alston Hunt Floyd & Ing)
for Plaintiff-Appellee.

*Craig H. Nakamura*

Chief Judge

*Lawrence M. Reifurth*

Associate Judge

*Derrick H.M. Chan*

Associate Judge

---

[7] Fairly late in the proceedings before the circuit court in this case, and long after the circuit court had denied Benner's Motion to Dismiss on res judicata grounds in early 2014, Benner filed a motion on February 26, 2015, which sought, inter alia, to stay the proceedings in this case pending resolution of the appeal in Benner I. The circuit court denied the request for an immediate stay, but without prejudice to Benner seeking a stay of enforcement if a judgment was later entered in the case. The Final Judgment was later entered on July 28, 2015, but the record does not reflect that Benner sought to stay enforcement of the Final Judgment.